UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THE CITY OF GARY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.:  2:07-CV-56-PRC |
| ) | |
| PAUL SHAFER d/b/a PAUL'S AUTO YARD, ) | |
| PAUL'S AUTO YARD, INC., ) | |
|     Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendants, Paul Shafer, d/b/a Paul's Auto Yard and Paul's Auto Yard, Inc.'s Motion for Partial Summary Judgment as to Count Three of Plaintiff's Complaint for Damages [DE 15], filed on April 30, 2007.  On May 30, 2007, the Plaintiff the City of Gary filed a memorandum in opposition to the Defendants' Motion for Partial Summary Judgment.  On June 13, 2007, the Defendants filed a reply in support of their Motion.  For the following reasons, the Court grants the Motion for Partial Summary Judgment.

## PROCEDURAL BACKGROUND

On February 26, 2007, the City of Gary filed its Complaint for Damages, alleging that the Defendants polluted a business lot located at 2124 Colfax Street, Gary, Indiana ("the Property"), in violation of sections 107 and 113 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"); Indiana's Environmental Legal Action ("ELA") Statute, Indiana Code § 13-30-9-2; and the Gary Environmental Ordinance section 95.204 ("section 95.204" or "the Ordinance").  The City of Gary also alleges that the Defendants are liable under Indiana nuisance law, codified at Indiana Code § 32-30-6-7, for: (i) releasing hazardous substances onto the Property; (ii) wrongfully injuring the City's Property; and (iii) interfering with the City's use and enjoyment of the Property.

The City of Gary asserts that it is entitled to recover direct and consequential damages for the alleged nuisance. The City of Gary further contends that pursuant to CERCLA § 113 and Gary Environmental Ordinance section 95.204, it is entitled to contribution based on costs expended and those that will be expended in investigating and remediating the hazardous substances at the Property.

On April 30, 2007, the Defendants filed their Answer as well as a Motion for Partial Summary Judgment on Count Three of the City of Gary's Complaint, which alleges that the Defendants are liable to the City of Gary pursuant to section 95.204. The Motion is now fully briefed and before the Court.

The parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## FACTUAL BACKGROUND

Following are the facts viewed in the light most favorable to the nonmoving party, the City of Gary.

The City of Gary is a political subdivision of the State of Indiana, located in Lake County. The Defendant, Paul Shafer, owned and operated the Defendant Paul's Auto Yard, Inc. The Defendants operated their business on the Property, the environmental condition of which is the subject of this lawsuit.

Defendant Paul Shafer purchased the Property in 1981 and opened a salvage yard business. Shafer operated the salvage yard from 1981 until 1988, when he created Paul's Auto Yard, Inc., which was incorporated on March 13, 1988. Paul's Auto Yard, Inc. hauled, stored, recycled, and

disposed of wrecked or unsalvageable automobiles and automobile parts. Shafer was the sole owner of Paul's Auto Yard, Inc.

In 1991, the Defendants sold the Property to Waste Management of Indiana, LLC ("Waste Management"). After the sale, Paul's Auto Yard, Inc. continued operations on the Property until it closed in 1994. Waste Management owned the Property from 1991 to 1998, but never operated a business at that location.

During Waste Management's ownership of the Property, the City of Gary levied property and operation taxes on Waste Management. When Waste Management became delinquent in payment of those taxes, the City brought suit against the company. In November 1998, the litigation ended with a settlement whereby the City of Gary received the Property and the City of Gary Redevelopment Commission received $100,000. The Commission planned to spend the money on environmental inspections, title verification, and any other activity deemed necessary in improving the development of the Property.

Once the City of Gary received the Property, it conducted an environmental investigation to determine its condition. The investigation revealed lead and metals in the soil at levels that exceeded the Indiana Department of Environmental Management's ("IDEM") cleanup regulations. In 2004, the City of Gary contracted with an outside environmental investigation company to further investigate the Property's condition. Following the investigations, the City of Gary concluded that the Defendants were responsible for contaminating the Property.

On November 3, 2004, the City of Gary enacted the Gary Environmental Ordinance to "protect the water and ground from contamination." Gary Mun. Code, Chptr. 95 Preamble. The Ordinance, comprised of twelve sections, includes section 95.204, which governs polluting substances and ground and water contamination. Section 95.204 requires polluters to remediate the

effects of hazardous substances that they release onto property located in the City of Gary. The City of Gary now seeks monetary damages from the Defendants under section 95.204.

**STANDARD**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the

opponent's claim. *See id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *See Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

**ANALYSIS**

As a threshold matter, the parties did not address the issue of jurisdiction in their summary judgment briefs. Pursuant to 28 U.S.C. §§ 1331 and 1367, if a district court has original jurisdiction in a civil case, the court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Here, the City of Gary alleges that the Defendants violated CERCLA, a federal statute. The Court has federal question jurisdiction over the CERCLA claim. The claim in Count Three of the City of Gary's Complaint and analyzed in this Opinion and Order is asserted under the Gary Environmental Ordinance and is based on the same set of facts underlying the CERCLA claim. Thus, the claim in Count Three is sufficiently related to the CERCLA claim for the Court to exercise supplemental jurisdiction.

In their Motion, the Defendants argue that the Court should grant summary in their favor on Count Three of the City of Gary's Complaint. Count Three alleges that the Defendants are liable to the City of Gary for environmental cleanup costs under Gary Environmental Ordinance section 95.204. Section 95.204 is titled "Clean-up Requirements," and provides:

> (A)  The land owner and operators of any facility are jointly and severally responsible for remedying any environmental harm caused by potentially polluting substances and contaminants at the facility.
>
> (B)  Any persons delivering, hauling, disposing, storing, discharging or otherwise handling potentially polluting substances or contaminants shall immediately and completely clean up any such spilled material, including all residue, breakdown products, and contaminated soil, groundwater, or surface water. Proper authorities must be notified as required by applicable law, rule, regulation, or ordinance.

Gary Mun. Code § 95.204. The City of Gary enacted section 95.204 on November 3, 2004. The City of Gary does not dispute the fact that the Defendants sold the Property in 1991 and ceased all

operations on the Property in 1994. The Defendants argue that they cannot be held liable under section 95.204 for acts that allegedly occurred more than a decade before the City passed the Ordinance. The City of Gary contends that section 95.204 should apply retroactively due to (1) its language and intent, and (2) the interpretation of other statutes that the City contends are similar. The issue of retroactive applicability is now before the Court.

The relevant facts underlying Count Three of the City of Gary's Complaint are not in dispute. Thus, this claim is suited for disposition at the summary judgment stage and will be determined based on the Court's interpretation of the applicability of the Gary Environmental Ordinance section 95.204.

In cases requiring interpretation of an Indiana statute, the United States Court of Appeals for the Seventh Circuit directs the Court to "predict how the Indiana Supreme Court would answer this question if it were presented to it." *United States v. Navistar Int'l Transp. Corp.*, 152 F.3d 702, 713 (7th Cir. 1998) (citing *Konradi v. United States*, 1207, 1213 (7th Cir. 1990)). In Indiana, "there is a strong presumption against the retroactive application of statutes." *Commercial Logistics Corp. v. ACF Industries, Inc.*, No. 4:04CV00074, 2004 WL 2595880, at *2 (S.D. Ind. Nov. 10, 2004); *see also Bourbon Mini-Mart, Inc. v. Gast Fuel & Services, Inc.*, 783 N.E. 253, 260 (Ind. 2003). An exception to the presumption against retroactive application exists for remedial statutes that are enacted with the intention to cure a prior defect. *See Herrick v. Sayler*, 245 F.2d 171, 174 (7th Cir. 1957); *Bourbon Mini-Mart*, 783 N.E.2d at 260. To determine whether a statute applies retroactively, and thus evades the general presumption, courts consider the legislative intent behind the statute. *See Bourbon Mini-Mart*, 783 N.E. 2d at 260. Absent an express statement indicating that the statute is intended to apply retroactively, or strong and compelling reasons for retroactive application, courts should presume that the legislation can be applied prospectively only. *See Commercial*

*Logistics*, 2004 WL 2595880 at *2 (citing *Ind. Dep't of Natural Res. v. United Minerals, Inc.*, 686 N.E.2d 851, 855 (Ind. Ct. App. 1997); *Pantry, Inc. v. Stop-N-Go Foods, Inc.*, 777 F.Supp. 713, 719 (S.D. Ind. 1991) ("Indiana courts adhere to a strict rule of construction against retroactive operation and will prohibit such unless the legislature's intention to have the statute apply retroactively is unequivocally and unambiguously shown by necessary implication")).

The City of Gary's Municipal Code, like the Indiana common law, expressly disfavors retroactive application. Gary Municipal Code § 10.15 provides, "All ordinances passed by the legislative body ... shall take effect from and after the due publication thereof, unless otherwise expressly provided." Gary Mun. Code § 10.15.

In construing the effect of a statute, the court is to analyze the statutory language, which is the most reliable indicator of the legislative intent underlying the statute. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004). The court shall consider the statutory language within the framework of the broader statutory scheme. *See Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132-33 (2000). The meaning of one piece of legislation may be affected by others, particularly where the topic at issue has been contemplated by the legislature before. *See id.* Courts do not attach any significance to the difference between interpreting a municipal ordinance and interpreting a federal or state legislative statute. In Indiana, if enacted pursuant to proper procedure, "municipal ordinances stand on the same footing as acts of the legislature." *Whitewater Valley Canoe Rental, Inc. v. Bd. of Franklin County Com'rs*, 507 N.E.2d 1001, 1004 (Ind. Ct. App. 1987) (citing *City of Indianapolis v. Clint's Wrecker Service, Inc.*, 440 N.E.2d 737, 740 (Ind. Ct. App. 1982)).

## A. Gary Environmental Ordinance language and intent

The Defendants contend that the language and intent behind Gary Environmental Ordinance section 95.204 is prospective only. The City of Gary argues that the language of section 95.204 establishes that the Ordinance was intended to apply retroactively. Examining section 95.204, the Court begins its analysis with the language of the Ordinance. The Ordinance makes no mention of retroactive application. To the contrary, the preamble to the Ordinance suggests that it should only be applied prospectively. The preamble provides:

> WHEREAS the City of Gary has enacted ordinances to protect the water and ground from contamination; and
>
> WHEREAS a new section needs to be added regarding the management of potentially polluting substances to further prevent ground and water contamination.

Gary Mun. Ordinance, Chptr. 95 Preamble. Section 95.204 is one of the new sections referred to in the preamble enacted to protect against potential pollutants, and thus does not fit within the exception to the general presumption against retroactive application for statutes intended to correct a defect in a prior statute. *See Herrick*, 245 F.3d at 174. The Ordinance was enacted to protect against "*potentially* polluting substances and to *further prevent* ground and water contamination." *Id.* (emphasis added). This preamble statement exclusively contemplates prospective application.

In furtherance of its argument and attempting to overcome the language contained in the preamble, the City of Gary relies on the text of section 95.204, which states in part, "The land owner and operators of any facility are jointly and severally responsible for remedying any environmental harm caused by potentially polluting substances and contaminants at the facility." Gary Mun. Code § 95.204. The City of Gary argues that the use of "caused" indicates an intent for the Ordinance to apply retroactively. The Court does not read section 95.204 or the use of "caused" that way. Instead, the Court interprets the use of the word "caused" in this instance as a temporally neutral

reference to the environmental harm inflicted upon a piece of property. Thus, "caused" references the environmental impact of pollution on a parcel of property, it does not pertain to when the impact occurred and therefore does not support a reading that section 95.204 is intended to apply retroactively.

The Court, reading the Gary Environmental Ordinance in its entirety, looks to other sections to provide more clarity on the meaning of section 95.204. The City of Gary brings the Court's attention to the language of section 95.203, titled "Management Standards; Specific Facilities." Gary Mun. Code § 95.203. Section 95.203 applies the Ordinance to numerous types of operations and facilities, regardless of whether they are "currently active or inactive[.]" The City of Gary contends that the reference to "inactive" operations and facilities evidences an intent that the Ordinance be applied retroactively. The Court again disagrees with the City of Gary's reading of the Ordinance. By prefacing "inactive" with "currently," the drafters of the Ordinance limited its application to current operations or facilities. It matters not whether the facilities are active or inactive; however the language of section 95.203 narrows its application to current entities that are presently affecting the environment. A business that ceased operations before the ratification of the Ordinance, as the Defendants' business did, cannot be a current operation or facility.

The other sections of the Gary Environmental Ordinance also support the conclusion that the Ordinance is not intended to apply retroactively. Of note are two important sections of the Ordinance. First, section 95.210, which controls who can be held liable for violations of the Ordinance, provides:

> All persons, owning, operating, or in charge or control of any equipment or premises who *shall cause*, suffer, allow, permit, or participate in any violation of this subchapter shall be jointly and severally liable for any penalties imposed or costs assessed under this chapter. This liability shall extend to any person who shall refuse to comply with, or who shall assist in the violation of, any of the provisions of this chapter.

Gary Mun. Code § 95.210 (emphasis added).  Second, section 95.202, Management Standards; General, sets forth the general standards that those who are subject to the Ordinance must comply with, and provides:

> (A)  All materials defined [herein] must be managed to securely prevent any *potentially* polluting substances or any contaminants from escaping on the ground surface, subsurface, and/or into any street, sewer, ditch or drainage way, lake, river, or stream.
>
> ....
>
> (D)  The following are prohibited, unless specifically authorized by permit:
>
> > (1)  Depositing or storing *potentially* polluting substances or contaminants in standing or ponded water, unless specifically authorized by permit.
> >
> > (2)  Contamination or [sic] any soil or aquifer by a *potentially* polluting substance or contaminant. ....

Gary Mun. Code § 95.202 (emphasis added).  Sections 95.202 and 95.210 contain several prospective words and phrases, such as "shall cause" and "potentially."  Of equal importance, neither section contains any language that can be construed to advocate retroactive application.  Thus, from every indication, the language of the Ordinance as a whole is concerned with preventing future pollution, not redressing past pollution.

The Court now looks to the legislative history of the Ordinance in order to determine the intent behind section 95.204.  The minutes of the Gary Common Council meeting of November 3, 2004, attached to the Defendants' brief, do not provide any insight as to the intent behind the Ordinance.  The Common Council minutes state that the Ordinance was before the Council on a third and final reading and that council members in attendance voted seven to zero in favor of passing the Ordinance.  No further commentary is included in the minutes and no additional legislative history is available for the Court's review.  Thus, no further meaning as to the intent behind the language in the Ordinance is gained from the minutes documenting the Gary Common

Council's November 3, 2004 meeting. The Court finds that based on the language of section 95.204, in combination with the language of the other sections of the Ordinance, there is no evidence, either express or implied, that section 95.204 should apply retroactively.

### B. The Gary Environmental Ordinance and other environmental legislation

The City of Gary asserts two additional arguments contending that because the Ordinance, and specifically section 95.204, address environmental issues, they should be applied retroactively. First, the City of Gary argues that the general presumption of statutory construction against retroactive application does not apply to laws that address environmental issues. Second, the City argues that the Ordinance closely resembles other environmental laws that have received retroactive application, and that because of its similarities to these laws, it too should be applied retroactively. The Defendants contend that the City of Gary's arguments are without merit and that the Ordinance must be interpreted based on its legislative history, which differs from other laws that have been applied retroactivity in that it has no indication of a legislative intent to address past wrongs.

*1. Retroactive application of environmental legislation*

The City of Gary contends that environmental laws, statutes, and ordinances are not subject to the courts' general presumption against retroactive application.[1] The City of Gary fails to cite any Indiana statutory or common law in support of this general proposition. Instead, the City contends that this exception to the general presumption is created through a pattern of judicial construction of state and federal environmental laws. The City of Gary points to case law interpreting the

---

[1]The Court notes that the City of Gary argues in its brief that "not a single environmental law, statute or ordinance has been denied retroactive application based on the general presumption." Pl.'s Br. at 5. In support of this statement, the City of Gary cites to Defendants' Memorandum of Law in Support of its Motion for Partial Summary Judgment. The Court's review of Defendants' Memorandum of Law was unable to locate any statement made by Defendants supporting the City of Gary's viewpoint. The Court does not construe the absence of a citation in Defendants' brief to a case that refuses to apply an environmental statute retroactively to be an affirmative statement by Defendants that such a case does not exist.

following environmental laws to be retroactive: CERCLA, the Indiana UST laws, and the Indiana ELA statute. *See Commercial Logistics*, 2004 WL 2595880 at *5 (applying the ELA statute retroactively); *Bourbon Mini-Mart*, 783 N.E.2d at 261 (stating that CERCLA is recognized to apply retroactively and deciding to apply the Indiana UST laws retroactively).

Contrary to the City of Gary's argument, there are Indiana environmental statutes that have not been granted retroactive application. In *Indiana Department of Environmental Management v. Chemical Waste Management of Indiana, Inc.*, the court examined the Character Law, Indiana Code § 13-7-10.2 (repealed 1996), which required applicants who wished to operate a waste disposal facility to disclose information regarding civil, criminal, or administrative complaints or judgments against them. 604 N.E.2d 1199 (Ind. Ct. App. 1993). The Indiana Department of Environmental Management ("IDEM") administered the application system under authority granted by the federal government through the Resource Conservation and Recovery Act. The plaintiff argued that the Character Law should be applied retroactively. The court disagreed, finding that the Character Law could only be applied prospectively. *See id.* at 1205. The court first examined the language of the statute, finding that the Character Law contained no indication that it should be retroactive. *See id.* at 1204. The court also relied on another environmental statute enacted by the legislature on the same day as the Character Law. That environmental statute contained an express uncodified statement that it was intended to be applied retroactively. The court concluded that the two statutes, enacted on the same day, one with an uncodified express retroactive provision, and one without, left no doubt that the absence of a retroactive provision in the Character Law meant that the legislature did not intend the law be applied retroactively. *See id.* at 1205.

Similarly, in *Meier v. American Maize-Products Co., Inc.*, the court had to determine whether to retroactively apply a state statute that addressed an environmental concern. 645 N.E.2d

13

662 (Ind. Ct. App. 1995), *clarified* 650 N.E.2d 741 (Ind. Ct. App. 1995).  The statute at issue was a new version of an already existing law and altered the power granted to the Indiana Water Pollution Control Board ("WPCB"), established by IDEM, to set application fees for permits to discharge effluents into the state's water system.  Examining the new version of the statute, passed seven months after an initial decision was rendered by the WPCB based on the prior version, the court relied on the absence of statutory language indicating an intent for retroactive application and concluded that the statute could only be applied prospectively.  *See id*. at 676.[2]

Gary Environmental Ordinance section 95.204, like the Character Law examined in *Chemical Waste Management* and the waste discharge statute in *Meier*, contains no mention of retroactive application.  The laws examined in *Chemical Waste Management* and *Meier* address environmental regulation but may also be construed to be administrative laws in that they control application procedures for regulatory permits.  In this manner, the statutes seen in *Chemical Waste Management* and *Meier* are distinguishable from the Gary Environmental Ordinance, which addresses the prevention of pollution.  However, the Gary Environmental Ordinance also sets forth compliance timelines and apportions costs of environmental cleanup operations.  The laws examined in *Chemical Waste Management* and *Meier*, like the Gary Environmental Ordinance, concern environmental issues and fall within the environmental area of legislation.  Thus, the Court finds that for purposes of demonstrating that not all environmental statutes are applied retroactively, the Gary Environmental Ordinance is comparable to the laws addressed in *Chemical Waste Management* and *Meier*.

---

[2]*See also United States v. AM General Corp.*, 34 F.3d 472, 474-75 (7th Cir. 1994) (evaluating the applicability of the Clean Air Act, the court reasoned "we cannot find in the Clean Air Act, or anywhere else, any indication that Congress expressly or by implication meant to authorize the EPA to mount a collateral attack," having previously stated, "it is plain that [the 1990 Clean Air Act amendments] cannot be applied retroactively").

14

The analyses in *Chemical Waste Management* and *Meier* and the conclusions of those courts are in direct conflict with the City of Gary's contention that environmental laws are exempt from the general presumption against retroactive application. The *Chemical Waste Management* and *Meier* courts examined the language of the subject laws to determine that neither law was intended to be applied retroactively. The courts did not, as the City of Gary would have this Court do, alter their analyses because the laws at issue concern the environment.

In addition, the drafters of section 95.204, while not releasing legislation on the same day that expressly provided for retroactive application, had the benefit of previous law and jurisprudence to guide their choice of language. Rather than include a short statement or provision indicating retroactive application or intent, as drafters of earlier retroactive legislation had, the drafters of section 95.204 were silent with regard to earlier pollution. The Court interprets this silence as an absence of intent that section 95.204 be applied retroactively.

*2. Comparison to other legislation*

The City of Gary next argues that section 95.204, and the Gary Environmental Ordinance as a whole, closely resemble other state and federal environmental legislation that has been interpreted to apply retroactively. The City of Gary contends that as a result, section 95.204 must also be retroactive. In support of this argument, the City of Gary relies on judicial interpretation of CERCLA, the Indiana UST laws, and the Indiana ELA statute, all of which have been construed to apply retroactively. *See Commercial Logistics*, 2004 WL 2595880 at \*5; *Bourbon Mini-Mart*, 783 N.E.2d at 261. The City of Gary further points to CERCLA and the ELA because neither statute contains express language providing for retroactive effect but nevertheless have been construed to apply retroactively. *See id.*

15

Examining CERCLA, courts have found that "Congress intended CERCLA to apply retroactively" despite the lack of an explicit reference to retroactive application. *Commercial Logistics*, 2004 WL 2595880 at *4. Courts have found that the legislative history reveals a clear intent by Congress to empower CERCLA with retroactive application of liability provisions. *See Ninth Ave. Remedial Group v. Fiberbond Corp.*, 946 F.Supp. 651, 660 (N.D. Ind. 1996) (citing *State of Nev. ex rel. Dept. of Trans. v. United States*, 925 F.Supp. 691, 695 (D.Nev. 1996)). At the outset of its CERCLA analysis, the *Ninth Ave.* court found that use of past tense verbs in CERCLA's liability provision, while persuasive, was not sufficient to establish retroactive application. *See* 946 F.Supp. at 657. Legislative history then became the determinative factor of the *Ninth Ave.* court's analysis. The court found that CERCLA attached new legal consequences to events that occurred before its enactment and that its legislative history revealed a clear intent of retroactive application. *See id.* at 657, 664. The *Ninth Ave.* court is not alone in finding that the legislative history of CERCLA requires that the statute apply retroactively. *See Nevada DOT*, 925 F.Supp. at 695; *United States v. Alcan Aluminum Corp.*, Nos. 87-CV-920, 91-CV-1132, 1996 WL 637559, at *4 (N.D.N.Y. Oct. 28, 1996) (finding that "the language of CERCLA itself and the legislative history of the Act support a finding of retroactive application").

Indiana courts have found that the State's ELA statute closely resembles CERCLA in its language, statutory construction, and application. *See Commercial Logistics*, 2004 WL 2595880 at *5. In *Commercial Logistics*, the court set out to determine whether the ELA statute should be applied retroactively, beginning its analysis with the statutory language. The court noted the ELA's use of past tense verbs. The statute provides that a person who has "caused or contributed to the release of a hazardous substance" may be held liable to remove or remedy the release. Ind. Code § 13-30-9-2. However, the court found, relying on analysis of past decisions that examined

16

CERCLA, that past tense verbs alone are not enough to conclude that a statute applies retroactively. *See Commercial Logistics*, 2004 WL 2595880 at *4. The court then compared the ELA statute to CERCLA, finding that both statutes address the same type of harm, and that while there are differences between the statutes in language and liability schemes, those difference are mostly in the details. *See id*. at *4-5. The court ultimately concluded that the language, spirit, and purpose of the ELA statute bears such a close resemblance to CERCLA, that the ELA should, like CERCLA, apply retroactively. *See id*. at *5. This reasoning was recently adopted and followed at the state court level. *See Cooper Indus., LLC v. City of South Bend*, 863 N.E.2d 1253, 1260 (Ind. Ct. App. 2007) (stating that the General Assembly expressed its intent that the ELA statute be applied retroactively).

Indiana's UST laws have also been applied retroactively. In *Bourbon Mini-Mart*, IDEM, investigating complaints of fumes in homes adjacent to a Mini-Mart convenience store, found that property surrounding the Mini-Mart at issue was contaminated. *See* 783 N.E.2d at 255. IDEM sought to enforce an environmental cleanup program against Mini-Mart through the Indiana UST laws. Complicating matters, the section of the UST laws that IDEM wished to proceed under took effect three days after IDEM filed suit against the Mini-Mart. Seeking to determine whether the post-enacted UST provision would apply to the previously filed case, the court first recited the presumption against retroactive statute application. Then, the court began the familiar comparison to CERCLA. Like CERCLA, the UST laws contain no express retroactive language. Finding the corrective action provisions of the UST laws to be similar to those in CERCLA, and that the two statutes followed the same remedial principles, the court agreed with earlier Indiana precedent that the UST laws applied retroactively and allowed IDEM to proceed under the newer version of the statute. *See id*. at 260-61 (citing *Pantry, Inc.*, 777 F.Supp. at 721 (finding that CERCLA and the

17

UST laws follow the same remedial principles and that the UST laws were intended to fill a gap in CERCLA by addressing petroleum releases, which are not contemplated by CERCLA)).

The City of Gary highlights similarities between the Ordinance and CERCLA, attempting to mirror the analysis engaged in by the *Commercial Logistics* court. The City of Gary points out that both the Ordinance and CERCLA provide for joint and several liability. The City of Gary also attempts to draw similarities between the liability structures of the two laws. The Ordinance provides for potential liability against owners and operators of facilities or operations that are responsible for environmental releases, while CERCLA provides for general liability against parties who are responsible for environmental contamination. The Court finds that pollution legislation generally subjects polluters to potential liability. The fact that the Gary Environmental Ordinance and CERCLA share polluters as a target of enforcement is not persuasive in the Court's analysis of whether the legislation bears the requisite commonality to transfer retroactive application from one law to the other.

The Court finds that the Ordinance and CERCLA do share several similarities, including a focus on preventing pollution and joint and several liability; however, the commonality between the laws does not approach the level of shared attributes between CERCLA and the Indiana laws described *supra*. The similarities between the verbiage, purpose, and intent of CERCLA and the ELA statute, as well as the Indiana UST laws, have allowed courts to transpose retroactive application from one statute to the others even in the absence of express retroactive language. Here, the Ordinance, unlike CERCLA, has no indication of legislative intent for retroactive application.

In addition, the Ordinance, particularly in section 95.204, does not use past tense verbs in the same manner that CERCLA and the ELA statute do. CERCLA's past tense verbiage imposes liability on those who "at the time of disposal ... owned or operated" the disposal site, or those who

18

"accepted" waste for transportation. 42 U.S.C. § 9607(a); *see also Ninth Ave. Remedial Group*, 946 F.Supp. at 658. The ELA statute provides that a person who has "caused or contributed" to the release of pollutants may be liable for the costs of removal or cleanup. Ind. Code § 13-30-9-2. CERCLA and the ELA statute's terms, while not directly referring to retroactive application, require that the statutes be applied retroactively in order for the laws to fulfill their purposes. Section 95.204, on the other hand, provides that "land owners and operators of any facility are jointly and severally responsible for remedying any environmental harm caused by potentially polluting substances and contaminants at the facility[.]" Gary Mun. Code § 95.204. Retroactive application is not necessary to give section 95.204 its full meaning. The Court finds that prospective application is appropriate to effectuate the purpose of section 95.204.

Next, the City of Gary argues that the intent behind the Ordinance is identical to that behind CERCLA. The congressional intent behind CERCLA has been found to be an intent to hold parties creating a situation requiring the cleanup of hazardous waste responsible for the cleanup costs regardless of when the release occurred. *See Ninth Ave. Remedial Group*, 946 F.Supp. at 661-64. The City of Gary contends that the Ordinance is intended "to hold parties responsible for the waste and pollutants that they release onto property within the City limits, as opposed to having that burden fall on the City." Pl.'s Br. at 10. Accepting that the Ordinance is intended to hold those responsible for waste and pollutants liable for the costs of cleanup, an interpretation that the statutory language supports, the Ordinance is missing one element of intent that is central to this analysis. The Ordinance does not evidence an intent to impose liability upon those responsible for past releases of pollutants. CERCLA has been found to contain such an intent, which leads to its retroactive application. The Court's thorough reading of the Ordinance is unable to locate support

19

for retroactive intent. Rather, it appears that the Ordinance is intended to apply to waste and pollution that occurs after the enactment of the Ordinance.

The Court finds that the Ordinance does not bear a closeness to other environmental legislation such that the Court would be justified in construing that the Ordinance applies retroactively. The Court relies instead upon the language of the Ordinance and concludes that no genuine issue of material facts exists and that section 95.204 should be applied prospectively only.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Defendants, Paul Shafer, d/b/a Paul's Auto Yard and Paul's Auto Yard, Inc.'s Motion for Partial Summary Judgment as to Count Three of Plaintiff's Complaint for Damages [DE 15] and hereby grants partial summary judgment, on Count Three of the Complaint, in favor of the Defendants and against the Plaintiff.

SO ORDERED this 4th day of October, 2007.

s/Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record