UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| THE CITY OF GARY, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | CAUSE NO.: 2:07-CV-56-PRC | |
| ) | | |
| PAUL SHAFER d/b/a PAUL'S AUTO ) | | |
| YARD, and PAUL'S AUTO YARD, INC., ) | | |
| Defendants. ) | | |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Strike Reports of Plaintiff's Expert [DE 87], filed by Defendants on April 9, 2009. Plaintiff filed a response brief on April 27, 2009, to which Defendants filed a reply brief on May 11, 2009.

**PROCEDURAL AND FACTUAL BACKGROUND**

On February 26, 2007, Plaintiff City of Gary filed its Complaint for Damages, alleging that the Defendants polluted a business lot located at 2124 Colfax Street, Gary, Indiana ("the Property"), in violation of sections 107 and 113 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"); Indiana's Environmental Legal Action Statute, Indiana Code § 13-30-9-2; and the Gary Environmental Ordinance section 95.204. Plaintiff also alleged that Defendants are liable under Indiana nuisance law, codified at Indiana Code § 32-30-6-7, for: (i) releasing hazardous substances onto the Property; (ii) wrongfully injuring the City's Property; and (iii) interfering with the City's use and enjoyment of the Property.

Plaintiff also asserts that it is entitled to recover direct and consequential damages for the alleged nuisance. Plaintiff further contends that pursuant to CERCLA § 113 and Gary

1

Environmental Ordinance section 95.204, it is entitled to contribution based on costs expended and those that will be expended in investigating and remediating the hazardous substances at the Property.

On April 30, 2007, Defendants filed their Answer to the Complaint, as well as a Motion for Partial Summary Judgment on Count Three of Plaintiff's Complaint, which alleges that the Defendants are liable to Plaintiff pursuant to Ordinance section 95.204, and Motions to Dismiss the City of Gary's Count Five nuisance and Count Six CERCLA § 113 claims, with supporting briefs.

On October 4, 2007, the Court issued an Opinion and Order granting Defendants' Motion for Partial Summary Judgment as to the claim under Ordinance section 95.204 and also issued an Opinion and Order granting the Motions to Dismiss Counts Five and Six of the Complaint. Accordingly, the claims remaining before the Court are the CERCLA § 107 claim (Count I), the Indiana Environmental Legal Action (Count II), and the claim for declaratory relief (Count IV).

After granting a Motion to Amend Scheduling Order, on June 27, 2008, the Court issued an Order setting the following deadlines: (1) Plaintiff's expert witness disclosures and reports to be delivered to Defendants by August 29, 2008; (2) Defendants' expert witness disclosures and reports to be delivered to Plaintiff by October 31, 2008; (3) Expert discovery to be completed by December 31, 2008; and (4) *Daubert* motions to be filed by February 27, 2009.

On August 29, 2008, Plaintiff disclosed the expert report of Jay Vandeven, entitled Affidavit of Jay Vandeven. On October 31, 2008, Defendants disclosed two expert reports of Geoffrey A. Glanders. On December 1, 2008, Plaintiff disclosed the Rebuttal Expert Report of Jay Vandeven.

On February 17, 2009, Defendants filed a Motion for Summary Judgment on the remaining

claims. Plaintiff filed a response brief on March 23, 2009, in which it cited to the Affidavit of Jay Vandeven and his Rebuttal Expert Report. Further, in support of its response brief, Plaintiff filed a Declaration of Jay Vandeven.

On April 9, 2009, Defendants filed a Motion to Strike Reports of Plaintiff's Expert, seeking to strike the Rebuttal Expert Report and Declaration of Jay Vandeven. In particular, Defendants contend that the Rebuttal Expert Report includes new opinions that were not raised in the initial expert report and cites evidence that was available prior to the initial expert report; thus, making it an entirely new report, rather than a rebuttal report. Defendants further argue that they will be prejudiced if Plaintiff is allowed to rely on the Rebuttal Expert Report in opposition to the Motion for Summary Judgment because Defendants were forced to re-depose Mr. Vandeven, had no time to retain an expert to issue a sur-rebuttal to the Rebuttal Report, and will be forced to attack new expert opinions at trial. Further, Defendants argue that the Declaration constitutes a new opinion that was filed after the discovery deadline, in opposition to the Motion for Summary Judgment, and is an attempt to bolster the two previous expert reports.

Plaintiff filed a response brief in opposition on April 27, 2009, to which Defendants filed a reply brief on May 11, 2009.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

In the instant Motion, Defendants request that the Court strike both Mr. Vandeven's Rebuttal Expert Report and the Declaration of Jay Vandeven.[1] The Court addresses each in turn.

### A. Rebuttal Expert Report of Jay Vandeven

Defendants argue that the Court should strike the Rebuttal Expert Report because it raises new opinions that were not disclosed in Mr. Vandeven's initial report, relies on documents that Mr. Vandeven had access to prior to drafting his initial report, but which he did not rely on, and Defendants will be prejudiced if Plaintiff is allowed to rely on the Rebuttal Expert Report in opposition to the Motion for Summary Judgment. In response, Plaintiff argues that the Rebuttal Expert Report only addresses matters raised in Mr. Glanders' expert reports and does not introduce new opinions and conclusions. Further, Plaintiff argues that Defendants have suffered no prejudice or harm because of the Rebuttal Expert Report.

> Federal Rule of Civil Procedure 26 provides, in relevant part that
>
> [a] party must make [expert] disclosures at the times and in the sequence that the court orders. *Absent a stipulation or a court order*, the disclosures must be made: . . . if the evidence is *intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure*.

Fed. R. Civ. P. 26(a)(2)(C)(ii) (emphasis added). As an initial matter, although this Court did not set a deadline for expert rebuttal reports, Mr. Vandeven's Rebuttal Expert Report was timely filed and served on Defendants within 30 days of Defendants' disclosure of Mr. Glanders' expert reports, as required by Rule 26(a)(2)(C)(ii). *See Aircraft Gear Corp. v. Marsh*, No. 02 C 50338, 2004 WL 1899982, at *5 (N.D. Ill. Aug. 12, 2004) (finding that an expert rebuttal report was timely filed

---

[1] In the alternative, Defendants request that the Court change the case management schedule to allow Defendants to re-depose Mr. Vandeven.

4

where filed within 30 days of the defendants' expert disclosure, even though the court had not set a deadline for rebuttal reports).

Nonetheless, for Mr. Vandeven's Rebuttal Expert Report to be admissible under Rule 26, it must "contradict or rebut evidence on the same subject matter" identified by Mr. Glanders' expert reports. Fed. R. Civ. P. 26(a)(2)(C)(ii). Defendants contend that the Rebuttal Expert Report raises new opinions and is not a rebuttal report under Rule 26.

After reviewing Mr. Glanders' expert reports and Mr. Vandeven's Rebuttal Expert Report, the Court concludes that the Rebuttal Expert Report does not raise new opinions and is a proper rebuttal report under Rule 26. In Mr. Glanders' first expert report, he concluded that lead contamination on the Property was caused by discharge of lead-contaminated surface water and sediments on the Property from the City of Gary Landfill, spills and releases prior to Defendants' operations on the Property, and illegal dumping on the Property. Particularly, Mr. Glanders concluded that lead-containing materials were disposed of at the City of Gary Landfill and that there was no evidence that lead gasoline and lead from car batteries were released during Defendants' operations on the Property.

Further, Mr. Glanders opined in his second expert report that no proper investigation and remedial alternatives have been developed in compliance with the requirements of the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP"). In particular, Mr. Glanders concluded that the work performed and costs incurred do not substantially comply with the NCP because: (1) investigation and remedial alternatives analysis for the Property were not performed as required by the NCP; (2) the City of Gary Landfill was not investigated as a source for lead impacts at the Property; (3) the need for a removal action of the discovered contamination was not

made as a part of the investigation and remedial alternatives analysis activities; (4) the remedial investigation was not performed in compliance with the NCP; (5) remedial alternatives were not properly evaluated against the nine NCP feasibility study criteria; and (6) the *Presumptive Remedies for Metals-In-Soil Sites* was not evaluated as part of the remedial alternatives analysis.

In Mr. Vandeven's Rebuttal Expert Report, Mr. Vandeven renders four opinions. Upon review of the opinions contained in the Rebuttal Expert Report, the Court concludes that the opinions are proper rebuttal opinions, addressing the same subject matter in Mr. Glanders' expert reports, under Rule 26.

Turning to the first opinion, Mr. Vandeven argues that runoff from the landfill is not a significant source of lead found at the Property. As previously noted, Mr. Glanders concluded that discharge of lead-contaminated surface water and sediments to the Property from the City of Gary Landfill were responsible for lead contamination on the Property. In an attempt to rebut this opinion, the Rebuttal Expert Report contains an opinion as to why runoff from the landfill is not a significant source of the lead found on the Property. In particular, Mr. Vandeven points out mistakes in Mr. Glanders' opinion regarding the location of surface water samples that he relied on in forming his opinion and identifies Indiana Department of Environmental Management ("IDEM") records revealing that flooding was likely caused by high groundwater on the Property, as flooding occurred even when it was not raining. Further, Mr. Vandeven relied on soil data showing that lead concentrations on the Property were higher than those found on surrounding properties and that there was no evidence of lead-bearing surface waters at the Landfill. Accordingly, this is a rebuttal as the opinion addresses the same subject matter identified by Mr. Glanders' opinion and is admissible under Federal Rule 26(a)(2)(C)(ii).

Turning to the second opinion, the Court concludes that this also constitutes proper rebuttal. Mr. Glanders concluded that illegal dumping at the Property contributed to lead contamination. In an attempt to rebut this opinion, Mr. Vandeven opined that, based on a review of documents and observations from a personal visit to the Property,[2] revealing no evidence of materials containing lead being left on the Property and soil concentrations of lead on the Property being higher than surrounding sections, dumping was unlikely to be a significant source of lead on the Property. This opinion deals with the same subject matter identified by Mr. Glanders and is a rebuttal opinion under Federal Rule 26(a)(2)(C)(ii).

The same can be said for Mr. Vandeven's third opinion in the Rebuttal Expert Report. Mr. Glanders opined that spills and releases prior to Defendants' operations on the Property contributed to the lead contamination on the Property and that there was no evidence of release of lead from leaded gasoline or lead car batteries during Defendants' operations. Mr. Vandeven concluded that operations on the Property during Defendants' ownership were likely the primary source of lead contamination, relying on evidence showing that Defendants leveled the Property after selling it (as addressed in Mr. Glanders' expert report), increased operations and the continued use of leaded gasoline during Defendants' ownership, and evidence, including Mr. Shafer's testimony, indicating the possibility of batteries with cracked cases being brought onto the property, prior to being removed, during Defendants' operations.[3] The Court concludes that this opinion is a rebuttal, as it is an opinion on the same subject matter identified by Mr. Glanders.

---

[2] Even though Mr. Vandeven provided that he visited the Property, his opinion relies on information obtained from the reviewed documentation.

[3] Mr. Glanders' first expert report argues that there is no testimony or evidence regarding leakage from vehicles brought onto the Property after an accident.

7

Finally, in response to Mr. Glanders' opinion regarding Plaintiff's noncompliance with the NCP, Mr. Vandeven opined that Mr. Glanders incorrectly applied the NCP's provisions to the Property and that proper evaluation of the response actions at the Property, and their consistency with the NCP, should take place during the remedy selection and implementation. Mr. Vandeven then goes on to address each of the opinions given by Mr. Glanders with regard to the NCP and particularly notes that, contrary to Mr. Glanders' assertions, Plaintiff has yet to select or implement, a remedy for the Property; thus making the assessment of compliance with the NCP inappropriate. This is a rebuttal dealing with the same subject matter identified in Mr. Glanders' expert report.

Accordingly, the Court finds that the Rebuttal Expert Report does not raise new arguments, but rather, complies with Rule 26(a)(2)(C)(ii) as it rebuts the same subject matter identified in Mr. Glanders' expert reports.

Further, Defendants argue that Mr. Vandeven relies in his Rebuttal Expert Report on evidence to which he had access prior to his initial report and which should have been included in the initial expert report. However, the Court's inquiry under Rule 26(a)(2)(C)(ii) focuses on whether the opinions expressed in a rebuttal report rebut the "same subject matter" identified in the other party's expert report. "Under this rule, [Mr. Vandeven] is free to support his opinions with evidence not cited in [Mr. Glanders'] reports so long as he rebuts the 'same subject matter' identified in those reports." *MMI Realty Svcs., Inc. v. Westchester Surplus Lines Ins., Co.*, Civ. No. 07-00466 BMK, 2009 WL 649894, at *2 (D. Haw. March 10, 2009). Further, another district court dealing with the same issue has concluded that Rule 26 does not automatically exclude evidence that an expert could have included in his original report as "[s]uch a rule would lead to the inclusion of vast amounts of arguably irrelevant material in an expert's report on the off chance that failing to include any

8

information in anticipation of a particular criticism would forever bar the expert from later introducing relevant material." *Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004). While Defendants rely on case law from this Circuit, which they contend requires Plaintiff to disclose the evidence relied on by Mr. Vandeven in his Rebuttal Expert Report in its initial expert report, the Court finds that the cases Defendants cite are inapplicable to the instant matter.[4] Accordingly, the Court finds that to the extent that Mr. Vandeven relied on documents that he did not rely on in his initial report, and which were not cited by Mr. Glanders' expert reports, because the opinions expressed in the Rebuttal Expert Report dealt with the same subject matter as Mr. Glanders' reports, Mr. Vandeven's Rebuttal Expert Report complies with Rule 26(a)(2)(C)(ii)'s requirements.

Further, Defendants argue that they will be severely prejudiced if the Court does not strike the Rebuttal Expert Report or allows Plaintiff to rely on this Rebuttal report in opposition to the Motion for Summary Judgment. First, it appears that Defendants argue they will be prejudiced because they had to re-depose Mr. Vandeven one day before the close of discovery. In support of this argument, however, Defendants rely on cases where the party against whom the rebuttal report was offered had no opportunity to depose the expert before the discovery deadline. *See Finwall v. City of Chicago*, 239 F.R.D. 494, 499-500 (N.D. Ill. 2006) (party had no opportunity to depose expert before discovery deadline expired); *Dura Auto. Sys. of Indiana, Inc., v. CTS Corp.*, 285 F.3d 609, 612, 616 (7th Cir. 2002) (expert disclosure filed six months after expert reporting deadline). Here, not only did Defendants have the opportunity to depose Mr. Vandeven, but they did so.

---

[4] *See Gilbane Building Co.*, *v. Downers Grove Community High School Dist. No. 99*, No. 02 C 2260, 2005 WL 838679, at *8 (N.D. Ill. Apr. 5, 2005) (involving rebuttal report completed by different expert and significantly expanding on information contained in the initial report); *Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735 (7th Cir. 1998) (involving a plaintiff who blatantly failed to comply with the deadline to file expert reports, even after receiving two extensions of time and being explicitly told by the court that failure to do so would result in dismissal of plaintiff's case).

Defendants deposed Mr. Vandeven about his rebuttal report before the discovery deadline expired. Accordingly, Defendants cannot show prejudice by having to re-depose Mr. Vandeven.

Next, Defendants argue that they will be severely prejudiced because they have had no time to retain an expert to issue a sur-rebuttal of the Rebuttal Expert Report. As previously discussed, Rule 26(a)(2)(C)(ii) provides for a rebuttal report within 30 days after the other party's disclosure. Rule 26(a)(2)(C)(ii)'s language does not explicitly provide for a sur-rebuttal report. Although courts in other circuits appear to be split on whether Rule 26 permits a party to file a sur-rebuttal report, the Court is unable to find, and Defendants fail to cite, any case law in this Circuit addressing this issue. *See Houle v. Jubilee Fisheries, Inc.*, No. C04-2346JLR, 2006 WL 27204, at *2 n. 4 (W.D. Wash. Jan. 5, 2006) (providing that "the federal rules do not contemplate 'sur-rebuttal' experts"); *In re Fleming Cos., Inc., Contract Litigation*, No. MDL-1351, No. 98-6042-CV-SJ-6, 2000 WL 35612913, at *1 (W.D. Mo. Nov. 30, 2000) (agreeing that Rule 26 permits sur-rebuttal reports). The Court finds that Rule 26 does not preclude Defendants from having 30 days within which to file a sur-rebuttal report. Therefore, Defendants' argument of prejudice on this ground also fails.[5]

Accordingly, the Court finds that Defendants have failed to show that they will suffer severe prejudice by allowing Plaintiff to rely on Mr. Vandeven's Rebuttal Expert Report and the instant Motion must be denied to the extent that it seeks to strike the Rebuttal Expert Report.[6]

---

[5] Additionally, because the Court has already found that Mr. Vandeven did not raise new opinions in his Rebuttal Expert Report, Defendants' argument that they will be prejudiced by having to attack new expert opinions at trial also fails.

[6] Further, to the extent that Defendants request that the Court strike references to the Rebuttal Expert Report in Plaintiff's response brief to the Motion for Summary Judgment, the Court declines to do so. Defendants argue that Plaintiff cannot use any of the opinions in the Rebuttal Expert Report in support of its case in chief. However, the cases that Defendants rely on in support of their argument involve experts who were specifically designated as rebuttal witnesses. *See Probatter Sports, LLC v. Joyner Techs., Inc.*, No. 05-CV-2045-LRR, 2007 WL 2752080, at *3 (N.D. Iowa Sept. 18, 2007) (involving expert who was designated as a rebuttal expert); *Patton v. Novartis Consumer Health, Inc.*, No. 4:02-cv-47-CFH-WGH, 2005 WL 5994147, at *1 (S.D. Ind. July 25, 2005)

## B. Declaration of Jay Vandeven

Defendants argue that the Court should strike the Declaration of Jay Vandeven, attached as an exhibit to Plaintiff's brief in opposition to Defendants' Motion for Summary Judgment, as it is an expert affidavit, raising new opinions, filed after the close of discovery to oppose the Motion for Summary Judgment, and is an attempt to bolster Mr. Vandeven's previous expert reports. Plaintiff instead argues that the Declaration is disclosed pursuant to Local Rule 56.1 and sets forth, in verified affidavit form, the information that was already disclosed to Defendants in Mr. Vandeven's Rebuttal Expert Report.

Local Rule 56.1 provides, in relevant part, that:

> [a]ny party opposing the motion [for summary judgment] shall, within thirty (30) days from the date such motion is served upon it, serve and file *any affidavits or other documentary material* controverting the movant's position, together with a response that shall include . . . a "Statement of Genuine Issues" setting forth, with appropriate citations to . . . affidavits, depositions, or other admissible evidence, all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

L.R. 56.1(a) (emphasis added). After reviewing the Declaration, the Court finds that the Declaration merely restates, primarily verbatim, the opinions contained in Mr. Vandeven's Rebuttal Expert Report. All of the opinions contained in the Declaration are contained in the Rebuttal Expert Report and no new opinions are presented.[7] While Defendants argue that the Declaration raises new opinions and seeks to bolster Mr. Vandeven's prior expert reports, these are arguments that were

---

(involving expert witnesses who were designated as rebuttal witnesses). Here, there is no indication from the record that Mr. Vandeven has been designated as a rebuttal expert witness. Therefore, the Court declines to strike Plaintiff's references to the Rebuttal Expert Report in its response brief to the Motion for Summary Judgment.

[7] Particularly, Defendants argue that Mr. Vandeven's discussion of gasoline and grading as sources of contamination constitute new opinions. However, as previously noted, these arguments were properly made by Mr. Vandeven in rebuttal to Mr. Glanders' opinion, which originally raised the issues of grading and gasoline as a source of contamination.

11

raised, and rejected by the Court, in opposition to the Rebuttal Expert Report. Accordingly, the Court finds that the Declaration is merely a restatement, in the form of a declaration,[8] of Mr. Vandeven's opinions properly disclosed in the Rebuttal Expert Report, and is properly submitted pursuant to Local Rule 56.1(a).[9]

Further, to the extent that Defendants request that the Court strike all current dates in the scheduling order to allow Defendants to re-depose Mr. Vandeven, based on the argument that the Declaration is a new report, the Court declines to do so as Defendants already deposed Mr. Vandeven regarding the Rebuttal Expert Report on December 30, 2008, which contains the same information as the Declaration.

## CONCLUSION

Having reviewed the instant Motion, the Court hereby **DENIES** the Defendants' Motion to Strike Reports of Plaintiff's Expert [DE 87].

SO ORDERED this 13th day of May, 2009.

---

[8] While Plaintiff characterizes the Declaration as an affidavit, the Court has reviewed this document and determines that it is not an affidavit. An affidavit is admissible in opposition to a motion for summary judgment only "if it is sworn to before an officer authorized to administer an oath, such as a notary public." *Trapaga v. Central States Joint Bd. Local 10*, No. 05 C 5742, 2007 WL 1017855, at *2 (N.D. Ill. March 30, 2007). The Declaration does not appear to be notarized or sworn to before an officer authorized to administer an oath. Nonetheless, the Court finds that the Declaration would be admissible, in lieu of a sworn affidavit and in opposition to summary judgment, as an unsworn declaration under 28 U.S.C. § 1746, as it is dated and signed by the declarant (Mr. Vandeven) "under penalty of perjury" and verified as "true and correct." *Id.*

[9] While Defendants rely on *Mannoia v. Farrow*, 476 F.3d 453, 456 (7th Cir. 2007), in support of their argument that the Declaration is an untimely expert affidavit that cannot be used to oppose the motion for summary judgment, the Court concludes that the instant case is distinguishable as *Mannoia* involved an affidavit from a new expert with new testimony offered for the first time in response to summary judgment. By contrast, Mr. Vandeven was disclosed as an expert prior to the discovery deadline and the information contained in the Declaration is a restatement of the information contained in the timely filed Rebuttal Expert Report.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record